quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7324**

WRITER'S EMAIL ADDRESS
**sandrabresnick@quinnemanuel.com**

July 26, 2019

**BY ECF**

The Honorable Laura T. Swain
500 Pearl Street, Room 17C
United States Courthouse
New York, NY 10007

Re:   *Daniels-Feasel v. Forest Labs. LLC*, No. 1:17-cv-4188 (S.D.N.Y.) (LTS) (JLC)

Dear Judge Swain:

  This firm and Dechert LLP represent the Forest Defendants in the above-referenced matters. As directed by the Court in its original Scheduling Order (Doc. 35, Paragraph 3(e)), we write together with counsel for Plaintiffs concerning the *Daubert* motions in these matters.

  As the Court may recall, the scheduling order requires issues of general causation to be addressed before issues of specific causation. The Forest Defendants filed a *Daubert* motion seeking to exclude Plaintiffs' experts' testimony on issues of general causation on June 21, 2019 (Doc. Nos. 79-81), and requesting oral argument. Plaintiffs filed their opposition on July 19, 2019 (Doc. No. 85; *see also* Doc. Nos. 86-87). Forest's Reply brief will be filed on August 16, 2019. Plaintiffs have not filed any general causation *Daubert* motions.

  Second Circuit law holds that whether to conduct a *Daubert* hearing is within the trial court's discretion. Defendants have requested oral argument on their motion (Doc. No. 79).

  Plaintiffs have further requested the opportunity to produce live testimony of the three experts who are subject of Defendants' motion. Plaintiffs suggest that each of their three experts can be examined by the parties for approximately one-half day each. Plaintiffs suggest that with brief (ten to fifteen minute) opening statements and closing arguments, this proposed live testimony could be accomplished in two days' time.

  To the extent the Court is inclined to hold a hearing with live testimony of Plaintiffs' experts, Defendants would request the opportunity to produce live testimony from up to three of its experts. *See* FRE 104(a); *see also Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

July 26, 2019
Page 2

Supp. 2d 584, 596 (D.N.J. 2002) (the court, exercising its discretion, conducted an evidentiary hearing on a party's Daubert motions, hearing testimony from both parties' experts), *aff'd*, 68 F. App'x 356 (3d Cir. 2003) and *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 26 F. Supp. 3d 449, 451 (E.D. Pa. 2014) (same). Subject to Your Honor's direction, Defendants suggest forty-five minutes to an hour each for opening and closing statements. Defendants estimate that such a hearing with live testimony from both parties' experts, together with opening and closing statements, could be conducted in 5 days.

Plaintiffs object to the Defendants' calling live testimony as Plaintiffs have not moved to exclude any of their opinions. Plaintiffs further state that if the Court is inclined to hear from Defendants' experts, Defendant should be limited to the same amount of time that Plaintiffs' experts seek, *i.e.* no more than two days.

We are available if Your Honor would like to discuss.

Respectfully submitted,

Sandra Bresnick

cc:  Counsel of Record