UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NICHOLE DANIELS-FEASEL, individually
and as a parent and guardian of infant C.F., et
al.,

        Plaintiffs,

  -v-                                          No.  17-cv-4188-LTS-JLC

FOREST LABORATORIES INC., et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is a motion for summary judgment filed by Defendants Forest Laboratories Inc., Forest Laboratories, LLC, Forest Pharmaceuticals, Inc., and Allergan PLC ("Defendants"). The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1332. The Court has considered carefully the parties' submissions and arguments, and for the following reasons, Defendants' motion is granted.

## BACKGROUND

This case is a medical products liability action regarding the effects of Lexapro, a prescription antidepressant medication sold and manufactured by Defendants. Plaintiffs comprise a group of several mothers and their children ("Plaintiffs"), who allege that the mothers' ingestion of Lexapro during pregnancy caused the children to develop neurodevelopmental disorders, including autism spectrum disorder. Plaintiffs initially filed suit in New York Supreme Court, and Defendants removed the case to this Court in June 2017 on the basis of diversity jurisdiction. An answer was filed by Defendants, and over the two years that

followed, the parties engaged in extensive discovery regarding the medical properties of Lexapro and its potential effects on fetal development.

Defendants thereafter filed an Omnibus Motion to Exclude Plaintiffs' Expert Testimony on General Causation (the "Daubert Motion"), arguing that Plaintiffs' three proffered expert witnesses—Dr. Lemuel Moyé, Dr. Laura Plunkett, and Dr. Patricia Whitaker-Azmitia—should be precluded from providing testimony on the issue of general causation.  (Docket entry no. 79.)  Specifically, Defendants argued that, under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the experts' causation opinions were unreliable because they did not employ objective testable methodologies and relied on cherry-picked favorable data.  On September 3, 2021, the Court issued a memorandum opinion and order concluding that the testimony of all three experts should be excluded as unreliable and granting Defendants' Daubert Motion in its entirety.  (Docket entry no. 103 ("Omnibus Order").)  Defendants' motion for summary judgment is now before the Court.  The Court has considered carefully all of the parties' submissions in connection with the motion.

DISCUSSION

Summary judgment should be granted in favor of a moving party when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When a court excludes evidence that is "essential" to a party's claims, the court "must also conclude that there

[is] no triable issue of material fact" as to those claims.  See LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp., 424 F.3d 195, 212 (2d Cir. 2005).

Here, Defendants assert that, in light of the Court's decision excluding the testimony of each of Plaintiffs' proffered causation experts, Plaintiffs cannot show the existence of an element that is essential to their claims—general causation.  "Causation is a required element in every products liability case."  In re Mirena IUS Levonorgestrel-Related Prod. Liab. Litig. (No. II), 387 F. Supp. 3d 323, 336 (S.D.N.Y. 2019), aff'd, 982 F.3d 113 (2d Cir. 2020) (citation omitted).  Causation in products liability cases "has two components, general and specific, and the plaintiff must establish both in order to prevail."  In re Rezulin Prod. Liab. Litig., 369 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2005).  "General causation is established by demonstrating, often through a review of scientific and medical literature, that exposure to a substance can cause a particular disease."  Id. (citation omitted).  "Without the predicate proof of general causation, the tort claim fails."  Wells v. SmithKline Beecham Corp., 601 F.3d 375, 378 (5th Cir. 2010).

Moreover, courts are generally in agreement that at least some expert testimony is required in order to prove general causation in complex medical product liability cases such as this.  See, e.g., In re Mirena, 387 F. Supp. 3d at 341 ("It is well established that expert testimony is required to establish causation where the issue of causation is beyond the knowledge of lay jurors.") (citation and internal quotations omitted); In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig., 227 F. Supp. 3d 452, 469 (D.S.C. 2017), aff'd sub nom., In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig. (No II), 892 F.3d 624 (4th Cir. 2018) (collecting cases from all 50 states and concluding that "[w]hile the specific

language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience").

Accordingly, courts will commonly grant summary judgment for the defense in medical product liability cases when the plaintiff cannot produce admissible expert testimony to show general causation. See, e.g., In re Mirena, 387 F. Supp. 3d at 342 ("Summary judgment is therefore commonly granted for the defense in pharmaceutical product liability or toxic tort cases where plaintiffs fail to adduce reliable expert testimony establishing general causation."); C.W. ex rel. Wood v. Textron, Inc., 807 F.3d 827, 838 (7th Cir. 2015) ("With no experts to prove causation . . . the appellants cannot prove their toxic-tort case . . . [and] summary judgment in this case was proper."); In re Denture Cream Prod. Liab. Litig., 204 F. Supp. 3d 1348, 1352 (S.D. Fla. 2016) ("As the Court found the general causation expert reports submitted by the other MDL Plaintiffs inadequate in its Daubert Order . . . [r]emaining Plaintiffs have failed to prove general causation. Thus . . . summary judgment is appropriate."); In re Viagra Prods. Liab. Litig., 658 F. Supp. 2d 950, 956 (D. Minn. 2009) ("[A]bsent an admissible general causation [expert] opinion, Plaintiffs' claims necessarily fail and [defendant's] motion for summary judgment must be granted.").

Here, the Court's September 2021 Omnibus Order excluded the testimony of each of Plaintiffs' three expert witnesses, leaving Plaintiffs without any expert testimony with which to prove general causation, and thus warranting the entry of summary judgment in favor of Defendants. Indeed, Plaintiffs concede that the Court's Omnibus Order "precludes Plaintiffs from filing a good-faith opposition to Defendants' motion for summary judgment," and that summary judgment has been "made inevitable" by the court's Omnibus Order. (Docket entry no. 107 at 1-2.) Because Plaintiffs cannot establish the existence of an element essential to their

claims, there are no triable issues of material fact, and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment dismissing Plaintiffs' complaint is granted. Docket entry no. 104 is resolved. The Clerk of Court is respectfully directed to enter judgment in Defendants' favor and close this case.

    SO ORDERED.

Dated: New York, New York
      December 29, 2021

                                                /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge